IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEERTSON FARMS INC, et al., | No. C 06-01075 CRB |
| Plaintiff, | **ORDER RE: MOTION TO AMEND JUDGMENT** |
| v. | |
| MIKE JOHANNS, et al., | |
| Defendants, and | |
| MONSANTO COMPANY, et al., | |
| Intervenors–Defendants. | |

On May 3, 2007 the Court entered final judgment and issued a permanent injunction. In particular, the Court barred the future planting of Roundup Ready alfalfa seed and hay, but declined to enjoin the harvesting of already-planted seed and hay. In order to reduce the likelihood that organic and conventional alfalfa will be contaminated by the already-planted seed and hay, the Court imposed the following conditions that were taken directly from the government's proposed judgment:

> [W]ithin 45 days of this Judgment, the federal defendants shall issue an administrative order imposing the following requirements:
>
> I.  Pollinators shall not be added to Roundup Ready alfalfa fields grown only for hay production.
>
> II. Farm equipment used in Roundup Ready alfalfa production shall be properly cleaned after use.

> A. Cleaning procedures for harvesters, tractors and tillage equipment shall be submitted to and approved by APHIS prior to implementation.
> B. Cleaning procedures shall be designed to minimize the risk of Roundup Ready alfalfa seed and hay movement from authorized production sites.
> C. All equipment shall be cleaned in accordance with the approved procedures before it leaves the farm on which in came in contact with Roundup Ready alfalfa.
>
> III. Roundup Ready alfalfa shall be handled and clearly identified to minimize commingling after harvest. Immediately after harvest, growers or seed producers shall store Roundup Ready alfalfa in specifically designated and clearly labeled containers.
>
> Monsanto, Forage Genetics and APHIS shall work together to ensure that all Roundup Ready alfalfa farmers are aware of the above requirements.

The Court also imposed the following condition, which was not proposed by any of the parties:

> Within 30 days of the judgment, Forage Genetics shall provide APHIS with GPS or plat mats identifying the location of all Roundup Ready alfalfa seed production acreage as well as the field size and GPS locations of Roundup Ready alfalfa hay fields for the 17 Western states in which Forage Genetics collects such information. APHIS shall make such information publicly available as soon as practicable, including, but not limited to, making such information available on the appropriate government website. Forage Genetics shall also use its best efforts to obtain field size and GPS locations of Roundup Ready alfalfa in the remaining states and provide such information to APHIS for public disclosure.

The government and intervenors now move pursuant to Federal Rule of Civil Procedure 59(e) to modify/correct the above judgment. They raise concerns with four requirements: (1) that all Roundup Ready alfalfa hay be stored in specifically designated and clearly labeled containers; (2) the prior approval of cleaning procedures; (3) that the intervenors provide the government with the location and acreage of Roundup Ready alfalfa seed and hay fields *within 30 days of the date of the judgment*; and (4) that APHIS "make public" on an appropriate government website the location of all Roundup Ready alfalfa hay and seed fields.

## STANDARD OF REVIEW

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or

2

made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).

## DISCUSSION

As a preliminary matter, plaintiffs complain that defendants could have raised some, if not all, of these issues in the earlier proceedings. The Court disagrees. With respect to remedy each party took a somewhat extreme position and the Court eventually adopted a middle course; as a result, when the parties briefed the remedy issue they did not have the Court's proposal in mind.

### A.    Storing Roundup Ready Alfalfa in Clearly-Labeled Containers

The government and intervenors do not object to storing Roundup Ready alfalfa *seed* in labeled containers; however, they contend that the Court made an initial decision that was manifestly unjust or clear error by applying that requirement to Roundup Ready alfalfa *hay*. Most forage hay is used for livestock and is never stored in containers of any sort; the Court's order appears to require farmers create containers for the hay.

The Court intended to adopt the condition originally proposed by the government and it read the government's proposal as applying to seed and hay; however, as the container requirement for hay is impractical, and as the government and intervenors do not object to the labeling of Roundup Ready hay once and if it leaves the farm of origin, the Court agrees that paragraph III of the judgment should be amended to eliminate any requirement that Roundup Ready alfalfa hay be stored in containers and to limit the labeling of hay to hay that has left its farm of origin.

### B.    Cleaning procedures

The Court adopted verbatim the "cleaning procedures" requirement proposed by APHIS. The government nonetheless now contends that this was in error because it had proposed only that such procedures be adopted for new plantings of Roundup Ready alfalfa. In particular, it challenges the requirement that "Cleaning procedures for harvesters, tractors and tillage equipment shall be submitted to and approved by APHIS prior to implementation." APHIS complains that the Court "is imposing these cleaning procedures

1  mid-season after approximately 1/3 to 1/2 of the 2007 hay crop has been harvested.
2  Implementing these procedures mid-season will be difficult, confusing, and will result in
3  unanticipated additional costs." APHIS also complains that it does not have the resources to
4  approve the cleaning procedure applications all at once. As an alternative, the government
5  proposes that "it could prepare a best practices document and distribute it to Roundup Ready
6  Alfalfa growers with regard to procedures for cleaning farm equipment. This would be in
7  lieu of requiring that, within a 45 day period, 3,000 growers submit individualized protocols
8  for APHIS's approval." Third Declaration of Neil Hoffman at ¶¶ 4-6.

9  The Court is satisfied that the publication and distribution of a best practices guide is a
10 remedy tailored to address the Court's concern with limiting the possibility of contamination
11 from the already-planted Roundup Ready alfalfa hay. The government has represented that it
12 has already completed such a guide for hay, and that the seed guide will be available for
13 distribution by July 13. Accordingly, the Court will amend the judgment to require the
14 publication and distribution of a best practices guide on or before July 13, 2007, rather than
15 the government's prior approval of each farmer's specific cleaning procedures.

16 **C.     Deadline for providing field information to the government**

17 FGI and Monsanto represent that they have already provided the government with the
18 required field location information for Roundup Ready alfalfa seed crops, and that for the
19 hay crops in the west they have provided approximately 95 percent of the required
20 information. Despite diligent efforts, Monsanto has only been able to collect approximately
21 10 percent of the information for hay crops in the eastern United States. Monsanto's
22 collection effort is hampered by the fact that its licensing agreements for the eastern crops do
23 not require seed distributors and others to collect information as to GPS coordinates and
24 acreage. Monsanto therefore asks the Court to allow them to report in 60 days on the status
25 of their efforts to gather the remaining information.

26 Monsanto's request is reasonable. The judgment recognized that Monsanto did not
27 have the information as to the non-western hay crops readily available; accordingly, the
28 judgment merely requires Forage Genetics/Monsanto to "use its best efforts to obtain field

4

1  size and GPS locations of Roundup Ready alfalfa" in those states for which such information
2  is not routinely collected.  Accordingly, Forage Genetics and Monsanto shall continue with
3  their best efforts to gather and provide to APHIS all the information required by the
4  judgment and in 60 days shall report in writing to the Court on the status of their efforts.

**D.     Public disclosure of the location of all Roundup Ready alfalfa seed and hay fields**

Defendants also challenge the judgment's requirement that the location of all Roundup Ready alfalfa seed and hay alfalfa fields be "publicly disclosed" on a government website.  They argue that such widespread dissemination of the crop locations will make these farmers subject to vandalism and would amount to disclosure of FGI's and various seed dealers' proprietary customer lists.  Defendants thus seek to modify the judgment to permit the government, working along with Monsanto, "to develop a system to inform alfalfa farmers who seek information regarding the proximity of their fields to Roundup Ready alfalfa fields–without disclosing private information about farming operations to the general public (and opponents of the technology), by website or otherwise."

APHIS recommends "making available on its website the counties where [Roundup Ready alfalfa] is planted.  If a farmer seeks more specific information, that farmer could contact APHIS and APHIS would, in turn, provide Monsanto/Forage Genetics with the farmer's locations.  Either APHIS or Monsanto/Forage Genetics would then be able to convey back to the farmer the distance of the nearest RRA field."  Third Declaration of Neil Hoffman ¶ 9.

The injunctive relief ordered by the Court must be designed to address the concerns raised by the claims on which plaintiffs succeeded in this lawsuit.  See Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (stating that "[a]n injunction "should be no more burdensome to the defendant than necessary to provide complete relief to plaintiffs.").  The permanent injunctive relief ordered the disclosure of the location of the Roundup Ready alfalfa seed and hay crops because, in light of the Court's ruling on the merits of the NEPA claim, "[i]t is . . . important that the organic and conventional alfalfa farmers learn where Roundup Ready alfalfa is grown so that they can test their own crops to determine if there has been

5

contamination." May 3, 2007 Memorandum and Order at 14. Defendants' proposed modification addresses the Court's concerns; it provides a mechanism for advising farmers if their crops are in danger of contamination from Roundup Ready alfalfa.

In so ruling the Court does not intend to express any opinion as to whether such information is discoverable under the Freedom of Information Act or whether public disclosure creates a credible threat of vandalism. Regardless of such issues, the injunctive relief should not be more broad than necessary. The Court is not persuaded that public disclosure on a website is necessary to ensure that those farmers who are genuinely concerned about contamination from Roundup Ready alfalfa can effectively and efficiently learn if any such alfalfa is being grown in the vicinity of the farmers' crops or proposed crops.

Any modification to the Court's judgment, however, must provide specifics as to the process: how can farmers make inquiries; what information do the farmers have to provide; what precise information will the government disclose in return; and how quickly will the government provide the response. The judgment should also include a date by which the process will be in effect. Finally, the government–rather than Monsanto or Forage Genetics–must provide the information to the farmers. The government shall develop these specifics in consultation with plaintiffs.

## CONCLUSION

For the reasons explained above, defendants' motion to amend/modify the judgment is GRANTED. The parties shall meet and confer and submit to the Court within 14 days of the date of this Order a proposed amended judgment that conforms with this Order.

**IT IS SO ORDERED.**

Dated: June 25, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE